UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20016-RAR

**UNITED STATES OF AMERICA,**

v.

**ETELBERTO PAYAN SALAZAR,**

    Defendant.
_____/

## ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Etelberto Payan Salazar's Renewed Motion for Compassionate Release and Reduction of Sentence to Time-Served to Enable Immediate Transfer to the Custody of U.S. Immigration and Customs Enforcement for Removal/Deportation Proceedings Pursuant to the Immigration and Nationality Act [ECF No. 224] ("Renewed Motion"), filed on July 13, 2021. Defendant requests a reduction of his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) and Section 604 of the First Step Act due to the COVID-19 pandemic. On August 25, 2021, the Government filed a Response in Opposition to Defendant's Renewed Motion [ECF No. 232] ("Response"). Having considered the parties' submissions, the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

On July 17, 2017, Defendant was arrested in Colombia for drug-related offenses. On June 20, 2019, Defendant was extradited to the United States. On October 10, 2019, Defendant pleaded guilty to one count of conspiring with others to distribute more than five (5) kilograms of cocaine, knowing that it was to be unlawfully imported into the United States in violation of Title 21, United

States Code, section 959(a)(2); all in violation of Title 21, United States Code, section 963. *See* Plea Agreement [ECF No. 119]. Specifically, Defendant pleaded guilty to using maritime vessels to ship at least 3,000 kilograms of cocaine into the United States. *See* Stipulated Factual Proffer [ECF No. 118]. On December 19, 2019, Defendant was sentenced to 100 months imprisonment, followed by two years of supervised release. *See* Judgment [ECF No. 160]. Defendant is currently housed at the Federal Medical Center ("FMC") in Devens, Massachusetts, which specializes in treating inmates with medical conditions that require constant care. To date, Defendant has served approximately 50 months of his sentence, 24 of which were served in prison in Colombia. Defendant's tentative release date is the summer of 2024. And as a foreign citizen, Defendant will be placed in removal proceedings at the conclusion of his sentence for removal to Colombia.

On April 3, 2020, Defendant petitioned the Warden of FMC for compassionate release. *See* Inmate Request for Compassionate Release Consideration [ECF No. 194-3]. Said request was denied on April 30, 2020. *See* Denial of Request for Compassionate Release [ECF No. 182-1] ("Warden's Denial").

## ANALYSIS

The Court, having reviewed this case again, finds that while Defendant's circumstances are "extraordinary and compelling" under section 3582(c)(1)(A), the factors set forth in 18 U.S.C. § 3553(a) weigh against Defendant's release at this time.

To grant a motion for compassionate release, the Court must find "extraordinary and compelling circumstances," and in doing so, must fashion a reduction in sentence that is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If the Court finds that "extraordinary and compelling circumstances" exist, the court then considers "the factors set forth in 18 U.S.C. § 3553(a), to the

extent they are applicable" and must make a finding that the defendant is not a danger to the safety of any other person in the community. U.S.S.G. § 1B1.13.

### A. Defendant Has a Terminal Illness

For the sake of brevity, the Court will not restate the section 3582(c)(1)(A) analysis laid out in its July 8, 2020 Order Denying Motion for Compassionate Release [ECF No. 207] ("Order"). As set out in the Order, there is no doubt that Defendant suffers from a terminal illness with an end of life trajectory, fitting squarely within the Sentencing Commission's definition of an "extraordinary and compelling reason" that may warrant a reduction in sentence. *Id.* at 4. However, as explained below, the section 3553(a) factors continue to weigh against granting compassionate release at this time.

### B. Section 3553(a) Factors Weigh Against Compassionate Release

Even where a defendant has a terminal illness, a motion for compassionate release cannot be granted unless a court finds that the section 3553(a) factors weigh in favor of compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Since the Court last reviewed Defendant's Motion, Defendant has continued to behave exemplarily in prison and his need for continual medical care has not changed. However, these factors are still outweighed by the nature and circumstances of the offense and the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

Defendant brings this Renewed Motion having now served exactly half of his 100-month sentence, a below-Guidelines sentence which already accounted for Defendant's health condition. As the Court explained in its previous Order, the seriousness of Defendant's offense of conviction

cannot be understated. Releasing Defendant now—when he has served just half of his already-reduced sentence for a serious drug-trafficking offense—would not promote respect for the law, provide just punishment for the offense, or afford adequate deterrence. *See, e.g., United States v. Seshan*, No. 14 CR. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release to defendant with renal failure at FMC due to § 3553(a) factors); *see also United States v. Montevecchi*, No. 18 CR. 15 (AKH), 2020 WL 3051335, at *2 (S.D.N.Y. Jun. 8, 2020); *accord UNITED STATES OF AMERICA v. FRANCISCO SANTIBANEZ, Defendant.*, No. 13-CR-912 (RJS), 2020 WL 3642166, at *3 (S.D.N.Y. Jul. 6, 2020).

The Court commends Mr. Salazar's disciplinary record in prison and is sympathetic to his health condition. But releasing Defendant at the one-half mark of his sentence would stand in stark contrast with inmates seeking release after serving the majority their incarceration (*i.e.* serving 60% or more of their sentence). *See, e.g.*, *United States v. Rodriguez*, No. 2:03-CR-00271, 2020 WL 1627331, at *10 (E.D. Pa. Apr. 1, 2020) (granting motion for compassionate release to defendant who had served seventeen years of a twenty-year sentence); *United States v. Barbuto*, No. 18-CR-80122, [ECF No. 314] (S.D. Fla. Apr. 28, 2020) (granting compassionate release to defendant who had 3 months left to serve of a 36-month sentence); *United States v. Oreste*, No. 14-20349, [ECF No. 200] (S.D. Fla. Apr. 6, 2020) (granting motion for compassionate release where defendant had served 60 months of his 100-month sentence). Mr. Salazar is just at the midway point of his sentence. Under these circumstances, his release would effectively subvert the sentence the Court thoughtfully imposed and undermine the goals of just punishment and general deterrence. The Court is not foreclosing the possibility of future relief based on Mr. Salazar's health, but to release him right now, just at the 50% mark of his sentence, is incompatible

with the offense of conviction. Because the Court finds that the section 3553(a) factors are inconsistent with the termination of Mr. Salazar's prison sentence, his Motion must be denied.[1]

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Etelberto Payan Salazar's Renewed Motion for Compassionate Release [ECF No. 224] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of September, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Given the Court's finding that the section 3553(a) factors mandate denial of Defendant's Motion, the Court need not address the section 3582(a)(1)(A) requirement that a defendant seeking release must not pose a danger to the community. Nonetheless, as stated at sentencing, the Court remains of the view that Defendant, if released, would likely not pose a danger to the community given his medical condition. *See* Sentencing Tr. at 23.